Geeen, J.
delivered the opinion of the court.
This cause commenced before a justice of the peace. Chap-pell sued Jones, and a judgment was rendered against him for costs. Chappell failed to appeal, and took no action in the case until the time within which he might have obtained an *108 order for a, certiorari, from two justices of the peace, had expired. He then presented a petition to the circuit judge, in open court, for a certiorari; stating, that he can neither read nor write, and that in loaning Jones five dollars, he by mistake loaned him twenty, and has never received but five dollars of said money. He brought suit against Jones before a justice of the peace, who gave judgment against him; from which judgment he would have appealed, but thought he could sue again before the same tribunal, having been so informed by the justice; that after the time expired for him to petition two justices, he discovered new testimony by which he can prove the loan of the money, or the fraudulent taking of it by Jones.
Upon this petition, sworn to in open court, a writ of certio-rari issued to Jacob Humble, the justice before whom said suit was brought, which writ was returned “executed.” No papers, in the cause were filed in court by the justice, and at July term, 1847, of the court, the parties entered an agreement of record, that there was a warrant and judgment in this cause before Jacob Humble, Esq., and that the same have been lost, and that the cause may be tried as if the papers were on file. At the November term, 1847, of the court, the cause came on to be tried, and the jury found for the plaintiff fifteen dollars. The court refused a new trial, and refused to arrest the judgment, and the defendant prosecuted this writ of error.
1st. It is insisted that the petition states no sufficient reason for not appealing, and for that cause the judgment should be reversed.
The petition states, that the petitioner would have appealed, but that having been told by the justice, who tried the cause, that he could sue again before the same tribunal, he thought it might be done; and that since the expiration of twenty days after the rendition of that judgment, he had discovered new *109 .testimony by which he could prove his cause of action. We think this excuse for not appealing a reasonable one. The justice of the peace deceived him, as to his right to bring a new suit before the same tribunal. In addition to which, he had, after the judgment was rendered, discovered testimony upon which he could support his action.
But if the excuse was less reasonable for not appealing than we hold it to be, it is now too late to insist upon this objection. No motion to dismiss the certiorari was made in the circuit court. The party made agreements about the cause, and went to trial on the merits; and now when a verdict and judgment are rendered against him, on the merits, he will not be heard to urge this objection. It is an objection, of all others, that ought to be taken at the earliest stage of the proceedings. It does not effect the merits, and does not commend itself to the favorable consideration of the court.
2d. It is insisted the judgment ought to be arrested, because the order of the judge for the certiorari does not appear in the record.
The agreement of the parties, that the warrant and judgment were lost, and that the cause might be tried as though they were on file, dispenses with the necessity of showing the order for the certiorari.
There is no error in the record, and the judgment must be affirmed.